IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ASHLEY BARNARD, *individually*,
*and next friend of* C.B., a minor,

       Plaintiffs,

v.                                                                            No. 23-cv-00290 DHU/JHR

REDNEX OILFIELD RENTALS, LLC,
and MICHAEL SUTER,

       Defendants.

## ORDER GRANTING PLAINTIFFS' MOTION TO EXTEND PRETRIAL DEADLINE [DOC. 62].

THIS MATTER is before the Court on Plaintiffs' Motion to Extend the Pretrial Motion Deadline filed on October 30, 2024. [Doc. 62]. Defendant Rednex Oilfield Rentals, LLC responded on November 8, 2024, and Plaintiffs replied on November 12, 2024. [Docs. 65, 66]. For the below reasons, the Court GRANTS Plaintiffs' motion and extends the pretrial motions deadline to allow Plaintiffs to file a motion to exclude defense expert's untimely opinion.

### I.    BACKGROUND

The Court entered a scheduling order in this case on June 6, 2023. [Doc. 12] and extended the deadlines therein on September 18, 2024 [Doc. 53]. Expert disclosures were due on February 27, 2024. [Doc. 12]. Under the scheduling order extension, October 29, 2024, became the pretrial motion and discovery deadline. [Doc. 62, at 1, 2]; [Doc. 53]. Because of scheduling difficulties, the deposition of defense expert Dr. Kristi Bagnell was not set until October 29, 2024. [Doc. 62, at 2].

Plaintiffs inform that "[t]he day before Dr. Bagnell's deposition and pretrial motion deadline, while Plaintiffs' counsel was traveling to Houston for the deposition, Defendants

1

produced a Supplemental Expert Report authored by Dr. Bagnell." *Id.* Plaintiffs filed this motion on October 30, the day after Dr. Bagnell's deposition and two days after receiving the supplemental report. [Doc. 62].

## II.     BRIEFING

Plaintiffs urge the Court to extend the pretrial motion deadline to allow them to file a motion to exclude the supplemental report. They argue good cause for the extension because they became "aware of Dr. Bagnell's Supplemental Expert Report just a day before the pretrial motion deadline and her deposition, which caused a short delay in drafting and filing the Motion to Exclude." *Id.* at 2. This request only extends to Plaintiffs' prospective motion to exclude, not to reopening the entire pretrial motion period. *Id.* at 3.

Defendants posture that Plaintiffs' disclosure of additional records after Dr. Bagnell's initial report justified the supplemental report. [Doc. 65, at 1]. They rely on the Rule 26(e) duty to supplement, arguing it extends "both to information included in the report and to information given during expert depositions." *Id.* at 2. Thus, Defendants say supplementation was timely disclosed on October 28, which was "three months and six days prior to trial." *Id.* Defendants also emphasize the lack of prejudice because the supplemental report "was substantively identical to her initial report as her opinions did not change." *Id.* at 3. Thus, they criticize Plaintiffs' reliance on the "temporal aspect of [the supplemental report] as the sole reason to exclude" without addressing the substantive similarity with the original expert report. *Id.*

Plaintiffs reply that Defendants fail to address the key issue in the instant motion: whether good cause exists to extend the scheduling order. [Doc. 66, at 2]. In that regard, Plaintiffs note that Defendants' "unavailing" prejudice and supplementation arguments go to the merits of exclusion, not deadline extension. *Id.* at 2, 3. Plaintiffs conclude good cause exists because the supplemental

2

report improperly "strengthen[s] and improve[s]" the original expert report "which, in turn, prejudices Plaintiffs" and requires a deadline extension to move to exclude the additional expert report. *Id.* at 3.

### III.    LEGAL STANDARDS

Federal Rules of Civil Procedure 6 and 16 respectively provide parameters for extensions of time generally and scheduling orders specifically. Rule 6(b)(1) allows a court to extend time for good cause when an act "may or must be done within a specified time" and that time has not expired. Fed. R. Civ. P. 6(b)(1). Good cause is "not a particularly demanding requirement." *Stark-Romero v. Nat'l R.R. Passenger Co. (AMTRAK)*, 275 F.R.D. 544, 547 (D.N.M. 2011). If the operative time has expired, however, a court may still extend time "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B); *OptumCare Mgmt., LLC v. Gutierrez-Barela*, No. CV 20-474 RB/SCY, 2023 WL 1787888, at *1 (D.N.M. Jan. 25, 2023). Finding excusable neglect requires a showing of both good faith and reasonable basis for not complying in the original time period. *OptumCare Mgmt.*, 2023 WL 1787888, at *1 (citing *Stark-Romero*, 275 F.R.D. at 547).

Courts consider several circumstances when deciding if a party's neglect is excusable: "(1) the danger of unfair prejudice to the opposing party; (2) the length of the delay caused by the neglect and its impact on the judicial proceedings; (3) the reason for the delay, and whether it was in the reasonable control of the moving party, and (4) the existence of good faith on the part of the moving party." *United States v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004). The reason for the delay is the core consideration. *Hamilton v. Water Whole Intern. Corp.*, 302 F. App'x 789, 798 (10th Cir. 2008). Excusable neglect does not cure inadvertence, ignorance, or mistakes regarding the rules. *Quigley v. Rosenthal*, 427 F.3d 1232, 1238 (10th Cir. 2005).

Rule 16(b) governs extension of scheduling order deadlines. Scheduling order modification requires good cause and the judge's consent. Fed. R. Civ. P. 16(b)(4); *Stark-Romero*, 275 F.R.D. at 548. "Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts." *Id.* (internal citation omitted). Thus, Rule 16(b) focuses on the movant's diligence rather than its motives or any prejudice to the opposing party. *Cole v. Ruidoso Mun. Schs.*, 43 F.3d 1373, 1386 (10th Cir. 1994). Both Rule 6 and Rule 16 extensions fall within the trial court's broad discretion. *OptumCare Mgmt.*, 2023 WL 1787888, at *1; *Stark-Romero*, 275 F.R.D. at 548.

### IV.   ANALYSIS

At this juncture, Plaintiffs' only ripe request is an extension of the pretrial motion deadline in order to file a motion to exclude Dr. Bagnell's supplemental opinion. *See* [Doc. 62, at 2, 3]; [Doc. 62-1] (Plaintiffs' proposed Motion to Exclude). Whether to exclude Dr. Bagnell's supplemental report is not at issue. The Court agrees with Plaintiffs that good cause exists to grant an extension of the scheduling order's pretrial motion deadline.

**A. The Rule 6 analysis endorses extending the pretrial motions deadline.**

Because the original pretrial motions period has passed, the Court finds excusable neglect to extend time under Rule 6(b)(1)(B) governing general requests for time extensions. Plaintiffs have shown good faith and a reasonable basis for not filing their motion to exclude Dr. Bagnell's supplemental report prior to the original October 29 pretrial motions and discovery deadline. *See* [Doc. 62, p. 2]. Dr. Bagnell's deposition was also set for October 29, and Plaintiffs received her supplemental report at issue the day before. *Id.* This left Plaintiffs one day to review the supplemental report, compare it to the original, prepare accordingly for the deposition, travel to

Houston, depose Dr. Bagnell, and file their motion to exclude the supplemental report. It is unreasonable to expect busy counsel to fit the foregoing into one day.

The factors courts use to assess excusable neglect under Rule 6 also favor granting Plaintiffs' request to extend the pretrial motions deadline. The first factor of undue prejudice to Defendants at best favors Plaintiffs and at worst remains neutral. To support their position, Defendants argue the supplemental report should not be subject to exclusion because it does not present new opinions differing from the original report, and therefore does not prejudice Plaintiffs. *See* [Doc. 65, at 2, 3]. However, that argument also cuts the other direction; if the supplemental report indeed does not meaningfully change Dr. Bagnell's original report, then a motion to exclude the supplemental report would not unfairly prejudice Defendants since they may rely on the original report in any event. The second factor of length of delay favors Plaintiffs. Several other substantive motions were recently resolved and absorbed substantial time and resources; a single-issue motion to exclude will not unreasonably further delay the proceedings.

The third factor of the reason for delay and whether it was reasonably in Plaintiffs' control further favors Plaintiffs. Dr. Bagnell's busy schedule necessitated an eleventh-hour deposition, with Defendants disclosing the supplemental report the day before. Plaintiffs did not control the supplemental report disclosure. Finally, the fourth factor of the good faith of the moving party also favors Plaintiffs. Defendants do not assert, and the Court cannot discern, any reason to doubt Plaintiffs' intentions were other than to prosecute their case. In sum, the excusable neglect factors weigh in favor of Plaintiffs. *See OptumCare Mgmt.*, 2023 WL 1787888, at *2.

### B. Rule 16 also supports extending the pretrial motions deadline.

The Court also finds good cause to extend the pretrial motions deadline under Rule 16(b). It appears Plaintiffs did their best to comply with the scheduling order's pretrial motions deadline.

However, their diligent efforts could not cure the time crunch created by deposition preparation, travel, the proceeding itself, and filing this Motion before the Oct. 29 deadline. Defendants offer no convincing argument to the contrary. Rather, the heart of their response goes to defending the merits of the likely forthcoming motion to exclude. To be sure, that is not the issue here.

### C. Defendants have not shown the pretrial motions deadline should be extended as to them.

Defendants request that if this Motion is granted, the new pretrial motion deadline apply to them as well as to Plaintiffs. However, Defendants do not supply any reasoni for this request. The Court's contemplated extension will preserve Defendants' right to respond to a motion to exclude the supplemental report. *Cf. Stark-Romero*, 275 F.R.D. at 549 ("The Court will extend all deadlines in the case [not just those Plaintiff requested] so that the Defendants do not lose the strategic position of obtaining the Esquibels' expert report before they disclose their expert reports."). Therefore, the Court finds good cause to extend the scheduling order to allow Plaintiffs to file their motion to exclude Dr. Bagnell's supplemental report but will not extend the new deadline to Defendants.

### V. CONCLUSION

For the foregoing reasons, the Court grants Plaintiffs' request to extend the pretrial motions deadline for the limited purpose of filing a motion to exclude the supplemental expert report. The pretrial motions period is not otherwise reopened for other pretrial motions.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Extend Pretrial Deadlines [Doc. 62] is hereby **GRANTED and expedited briefing is ORDERED AS FOLLOWS:**

**Plaintiffs shall file their motion to exclude the supplemental report no later than four business days after the entry of this order, Defendants may file a response no later than four**

**days after service of the motion, and Plaintiffs may file a reply no later than two days after service of the response.**

      **IT IS SO ORDERED.**

                                            _____
                                            JERRY H. RITTER
                                            UNITED STATES MAGISTRATE JUDGE